JOSEPH MUSIAL, Appellant, v. COUNTY OF NASSAU et al., Respondents.— Action to recover for damage to property of the plaintiff as a consequence of the flooding of his premises on Old Mill Road, Manhasset, Nassau County. Judgment for defendants unanimously affirmed, without costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ. [See post, p. 816.]

BLUMA NABUT, Appellant, v. HARRY NABUT, Respondent.— Application to amend a final judgment of divorce by inserting therein a provision for the payment of alimony for the support and maintenance of plaintiff, and for the allowance of counsel fees. Order modified on the facts by increasing from $250 to $500 the counsel fee ordered to be paid to plaintiff, and by striking from the last ordering paragraph of the judgment, as amended by the order, the words and figures " Twenty ($20.00) " and " 21st day of April, 1947 " and inserting in the place thereof, respectively, the words and figures " Seventy-five ($75.00) " and " 6th day of September, 1946." As thus modified, the order, insofar as appealed from, is affirmed, with $10 costs and disbursements to appellant. The counsel fee and the arrears of alimony shall be paid within twenty days from the entry of the order hereon. In our opinion the alimony and counsel fee awarded were inadequate. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD KARP, Appellant.— Judgment of the County Court of Queens County convicting defendant of the crimes of grand larceny in the second degree and of petit larceny, unanimously affirmed. The proof is sufficient to warrant a jury in finding that the defendant induced fourteen persons to part with money on the fraudulent promise of defendant that he would publish and distribute a telephone directory in which their advertisements would appear, and that defendant made the false representation with the intention of committing a theft. Irrespective of the promissory nature of the representation, as distinguished from one with respect to an existent fact, it was a larceny. (Penal Law, § 1290; People ex rel. Gellis v. Sheriff, 251 N. Y. 33, 36–37; Adams v. Gillig, 199 N. Y. 314; People v. Sloane, 254 App. Div. 780, affd. 279 N. Y. 724.) Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUDOLPH RICCA, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of assault in the third degree (operating an automobile in a culpably negligent manner in violation of the Penal Law, § 244, subd. 2), reversed on the law and the facts, the information dismissed and the defendant discharged. The guilt of the defendant was not established beyond a reasonable doubt. (People v. Walker, 296 N. Y. 740; People v. Bearden, 290 N. Y. 478; People v. Gray, 272 App. Div. 781.) Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.