Chandler S. Knight, J.
The indictment charges the defendant with the commission “ of the crime of grand larceny in the second degree in violation of sections 1290 and 1296, subdivision one, of the Penal Law of the State of New York ”. No other facts are stated in the indictment.
The defendant has made a motion for an order directing the District Attorney to file a bill of particulars giving the exact dates, the place of the crime, the exact items and the value of such items claimed to be the subject matter of the crime charged.
The defendant’s attorney claims that the District Attorney informed him that the crime consisted of several takings or thefts by the defendant -of items of values less than $100 each, but which aggregate in value a sum in excess of $100. Or the argument of the motion the District Attorney agreed that such is the contention of the People. In other words, the indictment is based upon a series of alleged petit larcenies committed by the defendant to constitute the crime of grand larceny in the second degree.
If the successive takings or thefts are all pursuant to a single sustained criminal impulse in execution of a general fraudulent scheme, they together constitute a single larceny, but if each taking is the result of a separate independent impulse, each is a separate crime of petit larceny. A jury must decide whether each stealing was a separate crime and, therefore, petit larceny, or a general fraudulent scheme and consequently a grand larceny.
An indictment should identify the crime charged against the defendant so that his conviction or acquittal may prevent a *322 subsequent charge for the same offense. It should notify him of the nature and character of the crime charged against him so that he may prepare his defense. If the information contained in the indictment does not sufficiently inform the defendant for those purposes he may request a bill of particulars (Code Grim. Pro., § 295-g).
The defendant’s application is not without merit. By reason of the Statute of Limitations relating to a misdemeanor or felony, he should know when it was that the crime was committed, although the precise time need not be stated (Code Crim. Pro., § 280). To prevent a subsequent charge against him for the same offense he should know what he is charged with stealing and from whom it was stolen. Ordinarily the specific place of the occurrence need not be identified but where the indictment does not indicate the county where the crime was committed, such information should be supplied (People v. Jordan, 128 N. Y. S. 2d 457; People v. Rubin, 170 Misc. 969-971). For him to know the degree of the crime charged, he should be informed of the value of the alleged stolen articles. Matters of evidence need not be alleged.
The court, therefore, directs the District Attorney to file a bill of particulars stating:
(1) The date or approximate date of the alleged larceny or larcenies;
(2) The place where the article or articles were alleged to have been stolen;
(3) A description of the property which is the subject of the alleged crime and the value or aggregate value thereof.
An order may be prepared and submitted accordingly requiring the furnishing of a bill of particulars within 10 days after the entry and service of the order.
The proposed order shall be settled on notice.