John J. Walsh
(Oneida County Judge and Acting County Judge for Suffolk County). The defendant has moved to dismiss the indictment by demurrer. The indictment charges the defendant with larceny, contrary to the provisions of section 1290 and section 1294 (subd. 3) of the Penal Law. The indictment also charges the defendant with three counts of violation of section 1872 of the Penal Law, to wit: fraudulently presenting bills or claims to public officers for payment.
The People claim that between the 19th day of May, 1958 and the 12th day of October, 1958, this defendant made claims for and received $45 a week — a total sum of $900, upon claims for unemployment insurance. These claims were filed with the Bay Shore office of the Unemployment Insurance Division of the Labor Department of the State of New York. It is claimed that during the same time this defendant was employed by the Jones Beach State Parkway Commission, and received wages each week totalling in excess of $1,200 during this same period of time.
The first count of the indictment charges grand larceny in the first degree, by color and aid of false pretenses, viz.: by certifying in writing each and every week during the above-mentioned period that he was unemployed and entitled to unemployment insurance benefits. The first count then continues by alleging the falsity of such representations and pretenses and the knowledge thereof by the defendant and concludes with the allegation that “ all these acts were part of a common scheme or plan.”
The defendant contends that more than one crime is charged in the indictment. Evidently this is a contention that defendant should be charged with 20 different acts of larceny. In this respect, defendant is in error. The alleged nature of the crimes are similar. The nature of the alleged false pretenses are simi *77 lar. Where there is alleged a common scheme and a common plan, successive takings or thefts are pursuant to a single sustained criminal impulse (People v. Hunt, 7 Misc 2d 320; Matter of Roberts, 267 App. Div. 845; People v. Karp, 273 App. Div. 779; People v. Miller, 169 N. Y. 339, 341; People v. Lobel, 298 N. Y. 243.)
The second, third and fourth counts of the indictment relating to the issuance of the fraudulent claims to a public officer are likewise sufficient (People v. Valentine, 147 App. Div. 31. See, also, People v. Altman, 147 N. Y. 473, 475).
A more interesting and academic question is raised by the defendant in attacking the second, third and fourth counts of the indictment. These counts are similar but each relates to a different date, viz.: June 17, 1958, June 24, 1958 and September 16, 1958. On each of these dates, it is claimed that the defendant fraudulently presented bills or claims to public officers for payment, contrary to section 1872 of the Penal Law.
To implement a short form of indictment, the District Attorney furnished a bill of particulars to the effect that:1 ‘ Defendant presented fraudulent signed claims for benefit payments to the Industrial Commissioner, through -the Division of Employment of the Department of Labor of the State of New York at its Bay Shore, New York office, through Anthony Brasaochio, agent of the said Industrial Commissioner.”
The defendant’s attack on these three counts of the indictment evidently has a two-fold aspect, (a) that a crime is not stated and (b) that the defendant is entitled to the benefit of a misdemeanor charge under section 632 of the Labor Law.
These same contentions were raised and overruled by the undersigned on a motion to set aside a conviction in the Oneida County Court in the case of People v. Palama.
There, as here, defendant claimed that his acts could not be both a felony and a misdemeanor and that when the Legislature enacted chapter 705 of the Laws of 1944 (Labor Law, § 632) it intended specifically to cover those situations involving-unemployment insurance benefits.
Section 632 of the Labor Law reads as follows: “ any person shall be guilty of a misdemeanor who wilfully makes a false statement or representation
“ (a) with the effect of obtaining, either for himself or for any other person, any benefit or payment under the provisions of this article ”.
Section 1872 of the Penal Law reads: “ a person who, knowingly, with intent to defraud, presents, for audit, or allowance, or for payment, to any officer or board of officers of the state, *78 or of any county, town, city, village or fire district authorized to audit, or allow, or to pay bills, claims or charges, any false or fraudulent verified, signed or certified claim, bill account, writing or voucher, or any verified, signed or certified bill, account or demand, containing false or fraudulent charges, items or claims, is guilty of a felony.”
The contention of the defendant is without merit. “ [T]he principle is applicable that the State may proceed under a general statute even though a more specific one is available. A specific statute does not necessarily replace a more general statute, and does not become the exclusive method of prosecution. Authorities in this. State and elsewhere confirm this principle. In People v. Bord (243 N. Y. 595) defendant urged that the existence of a specific statute covering the exact act with which he was charged prevented a prosecution for the felony under the more general statute. This court rejected that argument.” (People v. Hines, 284 N. Y. 93, 105; see, also, People v. Florio, 301 N. Y. 46, 52.)
The question remaining is whether the indictment alleges a crime within the purview of section 1872 of the Penal Law.
The indictment charges defendant with fraudulently presenting bills or claims to a public officer for payment; that he represented that he was unemployed; that such representation was fraudulent and false; and that it was known by the defendant to be fraudulent and false at the time it was made.
Such allegations are all that is necessary under the code to charge a violation of section 1872 of the Penal Law. (People v. Coombs, 36 App. Div. 284 [2d Dept., 1899], affd. 158 N. Y. 532.) The demurrer is disallowed.