Jambs E. Mulcahy, J.
This is an application for a writ of error coram nobis to vacate a judgment of conviction for the crime of grand larceny in the first degree. The defendant pleaded guilty under the second count of indictment No. 1335, 1958, to cover also indictment No. 1343,1958, on August 11,1958, and was sentenced by Judge Carney on November 17, 1958, to State prison for a term of four to six years. The defendant alleges that his constitutional rights were violated when he was permitted to plead guilty to an invalid charge of grand larceny in the first degree.
Under indictment No. 1335, 1958, the defendant was charged in each of three counts with the crime of grand larceny in the first degree. The defendant pleaded guilty to the second count of this indictment in which it was charged that, from the period from April 11, 1953, to on or about March 31, 1958, he stole $5,585.55 from the Department of Welfare of the City of New York; that said theft was effected by means of false and fraudulent representations made by the said defendant to employees of the Department of Welfare of the City of New York, namely, that his true name was G-abriel Figueroa; that he was in destitute circumstances; that he had no other source of income and that he was in need of public assistance for his maintenance and support; that said representations and pretenses were fraudulent and false and were known to defendant to be fraudulent and false at the time they were made. In fact, his true name was not G-abriel Figueroa, he was not in destitute circumstances, he had another source of income, in that he was then receiving public assistance under the name of Carmelo Diaz and he was not in need of public assistance for his maintenance and support.
The defendant now alleges, firstly, that at no time did he receive a check from the Department of Welfare exceeding the value of $100; secondly, that his making false statements, for the purpose of procuring money from the Department of Welfare, constituted a misdemeanor under section 1293-b of *519 the Penal Law, and thirdly, that the indictment alleges two separate crimes not connected nor part of a common scheme for purpose of consolidation nor could each monthly check, which he received from the Department of Welfare, in an amount less than $100 be consolidated for the purpose of constituting the crime of grand larceny in the first degree.
The general theory of the indictment is that the defendant stole moneys paid out of the Department of Welfare of the City of New York over a period of years under false and fraudulent representations and that the taking of such moneys amounted to one taking by false pretenses. The indictment alleges in effect one taking with a single intent carried over a span of years. The defendant contends that each separate taking by him was a separate false pretense with a separate intent.
In People v. Cox (286 N. Y. 137), the Court of Appeals reviewed a conviction of the crime of grand larceny wherein an employee of the Independent Subway System engaged in stealing nickel fares deposited by subway passengers in station turnstiles over a period of 11 months. The taking generally was in the sum of $25 or $30. The defendant urged that, since the taking occurred over a period of time and never exceeded the sum of $100, he was guilty only of a number of petit larcenies, rather than a grand larceny. The court held at page 145 that “ the People may prosecute for a single crime a defendant who, pursuant to a single intent and one general fraudulent plan, steals in the aggregate as a felon and not as a petty thief.” Here, also, the defendant adopted a general fraudulent plan to operate a continuing larceny with a single purpose.
The defendant is in effect attacking the legal sufficiency of the indictment but such an attack does not come within the scope of coram nobis relief (People v. Wurzler, 278 App. Div. 608; see Frank, Coram Nobis and 1960 Supp., p. 65). The error complained of is a matter of record and “ coram nobis may not be utilized as an alternative remedy to appeal, motion in arrest of judgment, motion to withdraw plea, or habeas corpus ” (People v. Sullivan, 3 N Y 2d 196, 199).
The motion is denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a copy oí said order to the petitioner.