J. Irwin Shapiro, J.
This is a motion by the defendant skoll “ for an order dismissing the indictment ”.
The basis for this motion rests on two contentions. Succintly put, they are (1) that the first count of the indictment charging-grand larceny is defective in that it alleges that the stealing set forth therein was ‘1 in pursuance of a sustained and continuing unlawful scheme, plan, design and continuing criminal intent ” and (2) that the second count in the indictment charging conspiracy is bad because the overt acts alleged therein constitute the consummated crime, and upon the consummated crime failing, the conspiracy count must perforce be dismissed. Neither contention has merit.
The rationale of defendant’s first claim is the postulate put forth by defendant that a charge of grand larceny may not be *807 predicated upon the combination and totalization of a number of similar acts, each constituting a petit larceny. In this the defendant is in error. A charge of grand larceny which grows out of a series of petit larcenies committed “ pursuant to a single intent and design and in execution of a common fraudulent scheme ” is perfectly proper (People v. Cox, 286 N. Y. 137, 141). It is not, as defendant contends, duplicitious to charge more than one petit larceny in one count in such a situation (People v. Wirtschafter, 294 N. Y. 832; see, also, People v. Lopez, 26 Misc 2d 517), for it is the totality of the petit larcenies that constitute the one crime of grand larceny.
Neither does it follow that upon the failure of a substantive count which is also set forth as the overt act alleged in a conspiracy count that the latter must perforce also fall. A conspiracy is a distinct and different crime from that of the substantive crime which the conspiracy is intended to accomplish, and a failure of proof of the actual commission of the crime — as for instance where an overt act is committed but is not sufficient to constitute commission of the crime itself — may not constitute a failure of proof of the conspiracy, which requires less proof than is required to establish the substantive crime. (People v. Tavormina, 257 N. Y. 84, 91.) The motion to dismiss is in all respects denied.