# (October 27, 1966)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERBERT GODFREY THIEL, JR., Appellant.— Judgment unanimously reversed on the law and the facts, and a new trial granted. Memorandum: Since defendant made the inculpatory statement received against him on the trial subsequent to his arrest upon a warrant of arrest after information was filed, in the absence of counsel, such statement would not be admissible unless defendant waived his right to counsel prior to making the inculpatory statement. (*People* v. *Bodie,* 16 N Y 2d 275; *People* v. *Santmyer,* 20 A D 2d 960. It appears that defendant has no previous convictions, a 10th grade education, and is by occupation a laborer. Unlike the situation in *People* v. *Bodie* (*supra*), where the defendant gave the answer " no " to the inquiry whether he cared for counsel, the defendant here gave no such unequivocal answer but stated only that he would talk to the trooper but would not sign a statement. His response considered in the light of his educational background and lack of previous experience with the law would appear to fall considerably short of indicating " that he understood the full import of the officer's statement and that he knowingly waived his right to counsel " and would reasonably indicate that defendant was not willing to give a statement in form that could be used against him, in the absence of counsel. The statement was clearly inadmissible in evidence and its use on the trial prejudicial to the defendant, requiring reversal of the judgment of conviction. The tenth count of the indictment charged grand larceny in the first degree, involving the property and moneys received from the forgeries alleged in the first 9 counts. The defendant was convicted under all counts as charged. The proof on the trial failed to establish any taking or series of takings from a single owner of a sum in excess of $165.70. Applying the principles enunciated in *People* v. *Cox* (286 N. Y. 137) and reaffirmed in *People* v. *Daghita* (301 N. Y. 223) and *People* v. *Rossi* (5 N Y 2d 396) the separate thefts from various owners could not be considered together in finding a single criminal plan permitting conviction of grand larceny, first degree. In the posture of the proof the jury could properly consider under the tenth count of the indictment only grand larceny, second degree, or petit larceny. (Appeal from judgment of Herkimer County Court, convicting defendant of forgery, second and grand larceny, first.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS N. COLE and JAMES R. SLATER, Appellants, v. VINCENT R. MANCUSI, as Warden of Attica Prison, Respondent.— Order unanimously reversed and proceeding remitted to Wyoming County Court for rehearing after assignment of counsel. Memorandum: The relator's application for counsel should have been granted. (See *People ex rel. Rodriguez* v. *La Vallee,* 26 A D 2d 8 and cases cited therein.) (Appeal from order of Wyoming County Court, dismissing writ of habeas corpus.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.