Michael W. Duskas, J.
Defendants filed motions dated May 22,1974, heard before a Special Term of this court held on June 10, 1974. The motions sought orders from this court directing the People to file a bill of particulars in response to defendants’ written demand therefor, and also, defendants moved for an inspection of the Grand Jury minutes by the court and an order dismissing the indictment upon the ground that the evidence before the Grand Jury which returned the above-numbered indictment was not legally sufficient to establish the commission by the defendants of the offense charged, or any lesser included offense.
Defendants contend on a motion for an order dismissing the indictment that there was insufficient evidence before the Grand Jury to constitute a prima facie case by the People that the defendants stole property in excess of $250, and therefore, the single count indictment which accused said defendants of the crime of grand larceny in the third degree, in violation of section 155.30 of the Penal Law was erroneous as a matter of law. Defendants also submitted a memorandum of law citing decisions from various courts of this State and which decisions the defendant contends establish and recognize the principle that a series of separate thefts occurring through a common fraudulent scheme or plan must have been committed against the same victim in order to constitute the single higher offense of grand larceny. The People have opposed this motion and argue by way of answering affidavit that the recognized principle of law .of this State is not that the grand larceny offense through a series of acts under common fraudulent scheme or plan must be perpetrated against a singular victim or owner, but rather, that such principle recognizes that a series of thefts from various owners raises the question for the jury whether there was a common scheme or plan, i.e., that such principle refers. solely to the proof of the case. The pertinent facts are as follow and have been determined by this court from a reading of the above-numbered indictment, the bill of *527 particulars served by the People upon the defendants’ attorney in response to a written demand therefor, the motion, answering affidavits, and oral arguments of counsel herein:
The defendants are accused of issuing 19 bad checks for amounts not less than $20 and not more than $30 in each instance, during the period February 7 through March 28, 1974. The bill of particulars discloses that the various checks were passed at nine different business establishments. A computation shows that the total amount of checks passed at the business establishment or issued to any singular victim (or owner) does not amount to the sum of $250, the latter figure being that contained as a necessary element in section 155.30 of the Penal Law. The indictment charges that the total amount of the 19 bad checks issued by the defendants is $425.
This court upon the foregoing determined that an in camera inspection of the stenographic transcript of proceedings before the Grand Jury should be conducted. An examination thereof has disclosed and supported the pertinent facts as related above.
The sole issue to be determined by this court is whether" the charge of grand larceny may be based upon a series of petit larcenies (in this instance through the issuance of bad checks) committed through a single sustained criminal impulse and in execution of a common fraudulent scheme, where the owners or victims of the thefts are different persons and where the thefts occurred in different places.
Defendants’ counsel and the District Attorney in the main rely upon the same citations of case law in support of their respective positions. Consequently, it appears that the intent and meaning of the decisional law of this State is the question to be resolved in this decision.
It may be said that People v. Cox (286 N. Y. 137, rearg. den. 286 N. Y. 706) sets forth the authority and criterion for charging a defendant with the higher offense based on a series of petit offenses. The Cox court stated in effect that a theft from the same owner, from the same place, through a series of acts, may constitute a single larceny (regardless of any lapse of time between the successive thefts) if such takings were committed through a single intent and design, and it appears to this court that although it may be said the principles of Cox are clear, i.e., that the series of thefts must have occurred against the same owner and from the same place, the advocation of these principles in other cases raises some question. A review of the multitude of decisions dealing with the issues involved in charging grand larceny through a series of petit *528 larcenies disclose that the Cox principles are relied upon by the courts in nearly every instance; however, a reading of many of these cases discloses that the courts did not specifically emphasize that the series of larcenies either were committed or must have been committed against the single owner or victim. (For example, see, People v. Amereno, 31 Misc 2d 806; and People v. Hunt, 7 Misc 2d 320.) In the Hunt case, the court set forth (p. 321) the principle that it was a jury issue whether each act of stealing was a separate crime (petit larceny) or a grand larceny through a common fraudulent scheme. The court did not indicate within this decision any acknowledgment that the series of thefts must have occurred against the same owner or from the same place. The same court (p. 322) directed the District Attorney to provide the defendant with a bill of particulars and within that decision outlined the particulars to be provided. It may be noted that the outline did not contain a direction to the People to provide the defendant with the names of individual victims of the thefts, or conversely, the name of a singular owner or victim of the acts. The District Attorney of St. Lawrence County argues, therefore, that proof of a series of thefts from a singular owner is not a necessary element of the crime of grand larceny in the third degree where such offense is based upon a series of petit larcenies through the issuance of bad checks. It is the determination of this court, however, that cases such as Amereno and Hunt cannot be construed in such manner since it may very well be argued that the reported cases did not deal with this issue by reason of the fact that the thefts did occur from a single owner and from the same place. The facts reported in these cases do not provide sufficient information to make a determination on this issue.
A review of the case law discloses what may be termed another “class of decisional law” with respect to these issues. In many cases the courts have expressed an acceptance of the principle that successive thefts through a single intent and common scheme may constitute the higher offense of grand larceny, but failed to enunciate in such language a recognition of the principle that there must be a common victim of such thefts, while at the same time the facts of the case disclose the common owner or victim. (For example, see, People v. Licausi, 23 Misc 2d 75, 77; People v. Lobel, 298 N. Y. 243; People v. Rossi, 7 A D 2d 648, affd. 5 N Y 2d 396.) In this line of cases the facts in each instance will disclose that the series of thefts occurred against the same owner or victim, and yet, the -courts do not *529 specifically recognize or acknowledge in the dicta of such decisions regarding the principle that grand larceny can be committed through a series of petit larcenies those elements pertaining to a common victim and common place. Indeed, Judge Desmond in the Rossi case (5 N Y 2d 396, 400, supra), relied upon the rule of Cox, and stated “ 1 The People may prosecute for a single crime a defendant who, pursuant to a single intent and one general fraudulent plan, steals in the aggregate as a felon and not as a petty thief.’ ” There is no mention in this quotation of any principle that the aggregate takings must have been from the same owner and from the same premises. The facts of the Rossi case disclose, however, that there was in fact but one victim. The question then arises, not dissimilar to the question posed in the first type of case discussed above (Amereno and Hunt), whether the courts in the Rossitype case interpreted the Cox decision as a recognition of the principle that grand larceny may be committed through a series of petit larcenies or a common fraudulent scheme and singular intent is proved, and no more, or whether these courts did in fact interpret Cox as including proof that the thefts were taken from a single owner and from a single place — but failed to announce these elements in the case decisions because the facts in each instance were such that the thefts did occur against the same owner and from the same place. The St. Lawrence County District Attorney argues again at a showing by the People that the thefts occurred from the same owner and from the same place is no more than material in relevant evidence in support of the People’s contention that the thefts occurred under a common fraudulent scheme and to further disprove a defendant’s contention that the lapse of time between the takings indicates several and individual larcenies without the singular intent.
The Appellate Division, Fourth Department, has rendered decisions in two cases which may be said to constitute another view with respect to these issues. In People v. Thiel (26 A D 2d 897), and earlier, in People v. Daghita (276 App. Div. 20, 22, affd. 301 N. Y. 223, 225), the Appellate Division, Fourth Department, interpreted Cox to require that there is proof upon trial that the takings were from a single owner or source. The language of the court in these cases appears to be clear and unambiguous.
It is the determination of this court that the ‘ ‘ three viewpoints ” considered above are in fact Irat one, and that the appearance of dissimilarity in these types of cases is due to *530 the lack of a complete presentation of facts in the case reports thereof. Accordingly, this court in applying the findings in the Thiel and Daghita decisions, has determined that the evidence presented to the G-rand Jury by the People and upon which the above-numbered indictment was found and returned was legally insufficient to support the charge contained therein of grand larceny in the third degree. The indictment is insufficient to support any lesser included offense and the said indictment does not separately charge the misdemeanor offenses of issuing a fraudulent check.
The motion to dismiss should be granted and it is not necessary for this court to determine the sufficiency of the bill of particulars served upon the defendants in response to the demand by defendants therefor.