■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. LUONGO, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered May 28, 1976, convicting him of grand larceny in the second degree (36 counts) and grand larceny in the third degree (four counts), after a nonjury trial, and imposing sentence. Judgment modified, on the law, by reducing the conviction under Count No. 18 of the indictment from grand larceny in the second degree to grand larceny in the third degree and by reducing the maximum term of the sentence imposed thereon from seven years to four years, to be served concurrently with the sentences imposed on the other convictions of grand larceny in the third degree. As so modified, judgment affirmed. Defendant's present conviction is based upon an investment scheme which grossed approximately four million dollars in Nassau County. The defendant has been convicted on similar charges in Suffolk County and that conviction has been upheld by this court (see People v Luongo, — AD2d ——). The central argument set forth on this appeal is that the Nassau prosecution is barred by the prior Suffolk conviction pursuant to the double jeopardy provisions of

the CPL in that the defendant's investment scheme, which extended from Suffolk County to other areas, constituted a single criminal transaction. Generally, multiple larcenies are considered as a single offense or transaction only where the property is taken from the same owner and place by a series of acts which are pursuant to a single intent and in execution of a common fraudulent scheme (see *People v Cox*, 286 NY 137; *People v Thiel*, 26 AD2d 897). As the Trial Judge noted: "In the present case it is evident from the proof offered by the People on their direct case that the larcenies charged in each count of the indictment were separate and distinct from each other, as well as from the larcenies charged in Suffolk County. The alleged takings were not from a common owner and did not take place at the same time or from the same place." As to defendant's contentions that the People failed to establish he committed the crimes of larceny as charged, and that the sentence imposed was illegal and excessive, see *People v Luongo* (58 AD2d 895). Finally, we consider the defendant's allegation that pretrial publicity and the sentencing in Suffolk County denied him a fair trial in Nassau County. In view of the defendant's waiver of a jury trial and his election to proceed in Nassau rather than to request a change of venue, his argument is without merit. The People consent to the modification of the judgment with respect to Count 18 since the testimony indicated that the loss sustained by Thomas Troscher was approximately $400. Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.