■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LONNIE D. BORNSTEIN and JOHN PESTILLO, Respondents. — Order unanimously affirmed. Memorandum: The Grand Jury minutes show that within a short period of time defendants slashed the tires of nine automobiles parked on three residential streets in the City of Syracuse. Each automobile belonged to a different owner and all were located within a half mile of each other. The question raised on the appeal is whether the monetary damage to each automobile may be aggregated to charge the defendants with criminal mischief in the second degree. A person is guilty of criminal mischief in the second degree "when with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he has such right, he damages property of another person in an amount exceeding one thousand five hundred dollars." (Penal Law, § 145.10.) There is no case law construing the propriety of combining the damage caused by several incidents of criminal mischief to arrive at the statutory amount. However, we may apply analogous cases concerning the crime of larceny. It has been held that "separate thefts from various owners could not be considered together in finding a single criminal plan permitting conviction of grand larceny, first degree." (*People v Thiel,* 26 AD2d 897; see *People v Cox,* 286 NY 137; *People v Daghita,* 276 App Div 20, mod on other grounds 301 NY 223.) Here, although the tire slashings may have been the product of a single intent and design, they were separate acts against various owners and, therefore, they cannot be considered together to constitute a single crime of criminal mischief in the second degree. The statutory language supports this interpretation. A defendant is guilty of criminal mischief in the second degree only if he "damages property of another person in an amount exceeding one thousand five hundred dollars." Here, since there was no damage to the property of another person in excess of that amount, the defendant cannot be found guilty of criminal mischief in the second degree. (Appeal from order of Supreme Court, Onondaga County, Gorman, J. — dismiss indictment.) Present — Callahan, J. P., Doerr, Boomer, Green and Schnepp, JJ.