■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MEIR PERLSTEIN, Also Known as MAX BERGER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Thompson, J.), rendered April 11, 1978, convicting him of two counts of grand larceny in the second degree and 12 counts of grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and as a matter of discretion in the interest of justice, by reversing the conviction of grand larceny in the second degree under count No. 1 of the indictment and the convictions of grand larceny in the third degree under counts Nos. 2, 4, 6, 7, 8, 13 and 14 of the indictment, and vacating the sentences imposed thereon, and the said counts of the indictment are dismissed. As so modified, judgment affirmed. The People's theory, as stated at trial, was that the defendant and his accomplices (the principals in a travel agency hereinafter referred to as TVV), had

committed larceny by false promise (Penal Law, § 155.05, subd 2, par [d]) by devising and putting into effect a scheme to sell round-trip tickets for three charter flights to Israel which they did not intend to provide or complete. Section 155.05 (subd 2, par [d]) of the Penal Law provides, in pertinent part, as follows: "A person obtains property by false promise when, pursuant to a scheme to defraud, he obtains property of another by means of a representation, express or implied, that he or a third person will in the future engage in particular conduct, and when he does not intend to engage in such conduct or, as the case may be, does not believe that the third person intends to engage in such conduct. In any prosecution for larceny based upon a false promise, the defendant's intention or belief that the promise would not be performed may not be established by or inferred from the fact alone that such promise was not performed. Such a finding may be based only upon evidence establishing that the facts and circumstances of the case are wholly consistent with guilty intent or belief and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed". In our view, the evidence adduced at trial was legally sufficient to sustain a conviction under those counts of the indictment which concern the sale of tickets for the charter flight which was scheduled to depart for Israel on June 30, 1972, as the jury was justified in concluding that the defendant, acting under the name of "Max Berger", was a principal in the travel agency known as TVV, and that, in the foregoing capacity, he had acted together with his accomplices to solicit and collect round-trip air fares for a nonexistent charter which was scheduled to depart from New York on that date. Thus, viewing the evidence most favorably to the People, it was established, *inter alia,* that the defendant and his accomplices had, through July 28, 1972, accepted money from prospective passengers for round-trip air fares on the foregoing charter notwithstanding the fact that several of their passengers on their preceding charters were being stranded in Europe due to TVV's alleged bankruptcy; had issued tickets bearing a nonexistent flight number in exchange therefor; had failed to contract for the necessary aircraft to undertake the afore-mentioned charter; had failed to refund the prospective passenger's money when the abortive "flight" was canceled; and had attempted by diverse means to conceal their involvement in the travel agency. The foregoing is, in our view, legally sufficient to establish to a "moral certainty" the defendant's intention that the promise to provide the July 30, 1972 charter was never to be performed (see Penal Law, § 155.05, subd 2, par [d]; *People v Luongo,* 47 NY2d 418; *People v Rolchigo,* 33 AD2d 1060, affd 28 NY2d 644). With regard to the flights which departed on June 28 and July 5, 1972, however, the evidence was far less conclusive, for in each of these instances the defendant and his accomplices accepted money for round-trip air fares to Israel, provided their passengers with what were assumed to be round-trip tickets or vouchers, and told their passengers to contact a TVV representative in Israel to arrange for their return trip. Passage was subsequently provided to Israel (via Amsterdam), and return flights were thereafter initiated in Israel back to the United States, but were terminated in Europe, allegedly due to TVV's bankruptcy. However, a People's witness, Thomas Ahern, a Capitol Airlines employee, indicated that TVV had, in fact, arranged for a charter flight from Amsterdam to New York departing on July 31, 1972, and that the foregoing flight was canceled due to a problem involving another group which was scheduled to share the same airplane. Moreover, while Ahern was unable to state whether TVV had actually paid for this flight, a check for $3,500 indorsed by Capitol was introduced into evidence by the People. Thus, with regard to these two flights, the fact that three quarters of each round trip was completed, coupled with

evidence to the effect that some effort toward arranging the last leg of the journey had, in fact, been undertaken by TVV, fails to establish to a "moral certainty" that the "promise" in these instances was the product of a preconceived "scheme to defraud" as required by section 155.05 (subd 2, par [d]) of the Penal Law (see *People v Ryan,* 41 NY2d 634). In the alternative, however, the People maintain that even if the evidence is deemed legally insufficient to sustain a conviction under the theory of larceny by false promise as to either of these two flights, the court should consider for the first time on appeal the theory of a larceny by embezzlement in each of these situations. We must decline this invitation. The People limited their presentation at trial to one theory, i.e., larceny by false promise, and it was under this theory that the case was submitted to the jury. Under these circumstances, this court is obliged to hold the People to this one theory on the appeal (see *People v Barnes,* 50 NY2d 375, 379, n 3; *People v Shealy,* 51 NY2d 933). Accordingly, the convictions for grand larceny in the third degree pertaining to the June 28 and July 5 charter flights must be dismissed for evidentiary insufficiency. The defendant next argues that the first count of the indictment, charging grand larceny in the second degree and predicated upon the aggregation of the numerous separate larcenies committed against various passengers from all three charters, improperly aggregated the amount of the separate larcenies and constituted a duplicitous count. We agree. It has been held, *inter alia,* that "the People may prosecute for a single crime a defendant who, pursuant to a single intent and one general fraudulent plan, steals in the aggregate as a felon and not as a petty thief" (*People v Cox,* 286 NY 137, 145; *People v Rossi,* 5 NY2d 396, 400; *People v Daghita,* 276 App Div 20, affd 301 NY 223). However, the foregoing cases all involved a series of thefts from a single victim, and the court in *People v Cox (supra,* pp 142-143), cited the following quotation from 36 Corpus Juris (p 798) with approval: "Where property is stolen *from the same owner and from the same place* by a series of acts * * * if the successive takings are all pursuant to a single, sustained, criminal impulse and in execution of a general fraudulent scheme, they together constitute a single larceny, regardless of the time which may elapse between each act" (emphasis added). Cases have generally required that the aggregated takings be from a single owner or source (see *People v Daghita, supra; People v Luongo,* 58 AD2d 896, 897, affd 47 NY2d 418, *supra; People v Thiel,* 26 AD2d 897; *People v La Rock,* 78 Misc 2d 525; see, also, Ann., 136 ALR 948), or, if from different owners, that the larceny occur at the same time and place, and pursuant to a unitary plan or design, such that the taking may be said to constitute but a single criminal transaction (see *Woodford v People,* 62 NY 117, 128; *People v Hall,* 186 Misc 62; *People v Caron,* 121 NYS 2d 404; see, also, *People ex rel. Flinn v Barr,* 259 NY 104, 109-110; *State v Barker,* 624 P2d 694 [Utah]; *People v Sichofsky,* 58 Cal App 257; 3 Wharton, Criminal Law [14th ed], § 359; Ann., 37 ALR3d 1407). Since the takings in issue here were not from a single owner or source and did not occur at the same time and place, it follows, *ex necessitate,* that this count of the indictment was improperly constituted and must be dismissed. We have examined the balance of those claims of the defendant as have been preserved for our review and have found them to be lacking in merit. Gulotta, J. P., O'Connor, Weinstein and Bracken, JJ., concur.