OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on a motion pursuant to CPL 210.20 (1) (c) and 210.35 dismissing the indictment against the defendant on the ground the Grand Jury proceeding was defective. There is also a motion, pursuant to CPL 210.20 (1) (b) and 210.30, dismissing the indictment on the ground that the evidence before the Grand Jury was not legally sufficient to establish the offenses charged and CPL 210.20 (1) (a) and 210.25 (1) dismissing count one of the indictment against the defendant on the ground that it’s duplicitous in nature and is, therefore, defective and does not substantially conform to the requirements in CPL article 200.
*71 First, with respect to the motion pursuant to CPL 210.20 (1) (b) and 210.30 dismissing the indictment against the defendants on the ground that the evidence before the Grand Jury was not legally sufficient to establish the offenses charged. The court has reviewed the Grand Jury minutes in this matter and denies the motion and finds that there is sufficient evidence before the Grand Jury to establish the offenses charged or a lesser included offense and, therefore, pursuant to CPL 210.30, the court must deny the motion.
With respect to the motion to dismiss on the grounds that the proceedings before the Grand Jury were defective, the court finds, based upon a review of the Grand Jury minutes, that the proceedings were not defective and would, therefore, deny the motion on that ground.
With respect to the motion to dismiss on the grounds that the first count of the indictment is duplicitous, CPL 200.30 (1) directs that each count of an indictment may charge one offense only. Count one of indictment 267/87 charges the defendants: "on or about January 3, 1987, in the County of Monroe, State of New York, knowingly and unlawfully possessed stolen property, to wit: one brown brief case, automobile floor mats, portable citizens band radio, Kenwood AM-FM cassette car stereo, Passport Radar Detector, Escort Radar Detector, one pair bowling shoes, bowling ball bag, a western hatchet, a motorola pager, flashlights, screwdrivers, key chain, pen; belonging to Dennis Alongi, Mr. Thomas Miller, Mr. Roger Manuse and Mr. Ronald A. Mack; with intent to benefit themselves or a person other than an owner thereof and that the value of the said property exceeded One Thousand Dollars ($1,000.00).”
The law provides
"[a] person is guilty of criminal possession of stolen property in the fourth degree when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof and when * * *
"[t]he value of the property exceeds one thousand dollars” (Penal Law § 165.45 [1]; emphasis added).
The charge of criminal possession of stolen property is predicated upon the definition of stolen property and thus the definition of larceny. Larceny is defined in Penal Law § 155.05 (1): "[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate *72 the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof’ (emphasis added). An owner designates by definition a single owner. Where property is stolen from the same owner and from the same place in a series of acts, those acts would constitute a single larceny (People v Cox, 286 NY 137, 141). Separate acts from various owners cannot be considered together in finding a single criminal plan permitting a conviction of grand larceny (People v Thiel, 26 AD2d 897). In an analogous case, the Fourth Department concluded, you cannot consider together separate acts against various individuals in order to constitute a single crime of criminal mischief in the second degree (People v Bornstein, 96 AD2d 722).
It is undisputed that the value of property of four separate owners was accumulated in order to charge criminal possession of stolen property in the fourth degree, a felony. The value of an individual owner’s property did not exceed $1,000.
Therefore, it is clear that the first count of the indictment does not charge a single felony act of criminal possession of stolen property in the fourth degree, based upon the definitions and interpretations of the law. Since the indictment alleges four separate owners, the only conclusion that can be drawn is that count one of the indictment is duplicitous since it, in fact, does not charge a single count of felony criminal possession of stolen property in the fourth degree, but four separate charges of criminal possession of stolen property in the fifth degree, a misdemeanor.
It is, therefore, the decision of this court that count one of the indictment be dismissed.
The decision on the motion of severance is reserved pending the outcome of the hearing on the remaining charges of the indictment.