■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARBARA JEAN HENDERSON, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the People failed to present sufficient independent evidence to corroborate the testimony of her accomplice. The corroborative evidence need not demonstrate that defendant committed the crime; it need only tend to connect defendant with the crime sufficiently to establish that the accomplice is telling the truth (see, CPL 60.22 [1]; People v Smith, 55 NY2d 945; People v Glasper, 52 NY2d 970). Proof that silverware and a fraudulent sales receipt were found in the trunk of a car within defendant's control was sufficient to corroborate the accomplice's testimony concerning defendant's involvement in a scheme to steal merchandise from a store (see, People v Pasciuta, 104 AD2d 1010).

The trial court did not err in denying defendant's motion to dismiss the grand larceny count of the indictment upon the ground of duplicity. Such a motion must be made in writing and upon reasonable notice to the People prior to the commencement of trial (CPL 200.30, 210.20 [1] [a]; [2]; 210.25 [1]; 210.45 [1]; 255.20; see also, People v James, 98 AD2d 863, 865). The instant motion, made orally and during the course of trial, was untimely. In any event, the motion lacked merit. Multiple petit larcenies committed over a period of time against the same victim pursuant to a single intent and in furtherance of a common fraudulent scheme may be alleged in a single count of grand larceny (see, People v Cox, 286 NY 137, 141, rearg denied 286 NY 706; People v Gutterson, 244 NY 243; People v Amereno, 31 Misc 2d 806, 807; see also, People v Perlstein, 97 AD2d 482, 484). (Appeal from judgment of Monroe County Court, Maloy, J.—petit larceny.) Present—Dillon, P. J., Callahan, Green, Balio and Lowery, JJ.