THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* THOMAS DAGHITA, Appellant.

Argued May 23, 1950; decided July 11, 1950.

*Victor Levine* for appellant.   I. Defendant was improperly convicted of first degree larceny because there was more than one taking and the evidence did not show that they were motivated by a single impulse or that defendant on any one occasion had taken goods of the value of over $500.   (*People* v. *Cox*, 286

N. Y. 137; *Regina* v. *Shepherd,* 37 L. J. [M. C.] 45, 11 Cox Cr. Cas. 119; *People* v. *Serna,* 43 Cal. App. 2d 106.) II. Defendant was improperly convicted of concealing and of withholding stolen goods.

*Frederick B. Bryant, District Attorney,* for respondent. I. The conviction of defendant of grand larceny in the first degree is sustained by the evidence. (*People* v. *Sing,* 42 Cal. App. 385; *People* v. *Dillon,* 1 Cal. App. 2d 224; *People* v. *Fleming,* 220 Cal. 601.) II. The conviction of defendant for concealing and withholding stolen goods was not inconsistent with his conviction for grand larceny. (*People* v. *Vitolo,* 271 App. Div. 959, 297 N. Y. 575; *People* v. *Rivello,* 39 App. Div. 454; *People* v. *Kupperschmidt,* 237 N. Y. 463; *Carpenter* v. *Hudspeth,* 112 F. 2d 126, 311 U. S. 682; *People* v. *Marino,* 271 N. Y. 317; *People* v. *Spivak,* 237 N. Y. 460; *People* v. *Morgan,* 270 App. Div. 859, 295 N. Y. 991; *People ex rel. Wachowicz* v. *Martin,* 293 N. Y. 361; *People* v. *Levan,* 295 N. Y. 26; *People* v. *Wilson,* 151 N. Y. 403; *People* v. *Cucchiara,* 209 App. Div. 326.)

FULD, J. The defendant stands convicted, upon two separate counts, of two separate crimes, the crime of grand larceny in the first degree (Penal Law, §§ 1290, 1294) and the crime of criminally concealing and withholding stolen property (Penal Law, § 1308). There can be no doubt on the record before us that the jury was fully justified in finding defendant guilty of a single continuing grand larceny: the evidence was more than sufficient to establish that he had stolen a considerable quantity of merchandise over a period of time from Montgomery Ward's Ithaca store and that he had used a large portion of it to furnish his home and to outfit his family. (See *People* v. *Cox,* 286 N. Y. 137.)

Manifestly, a thief may not be convicted under section 1308 of the Penal Law of '' buying '' or '' receiving '' the very goods which he himself had previously stolen. Whether or not he may be adjudged guilty of violating that section by concealing or withholding such property following his theft of it — a question not decided by us in *People* v. *Vitolo* (297 N. Y. 575, affg. 271 App. Div. 959) — is the problem for present determination. In our view, section 1290 is aimed at those who steal, section 1308 at those who deal with the thieves in any one of several different

ways after the larceny has been committed. The latter section, in other words, is directed at the traditional "receiver" and at those who hover in the background in order to provide thieves with a market or a depositary for their loot.

Section 1308 recites that a person who "[b]uys or receives any property knowing the same to have been stolen or obtained in any way under circumstances which constitute larceny" or "who conceals [or] withholds * * * any property, knowing the same to have been stolen, or appropriated wrongfully in such a manner as to constitute larceny", is guilty of a misdemeanor or a felony depending upon the value of the property involved. Use of the phrase, "knowing the same to have been stolen", in connection with one who "buys" or "receives" as well as with one who "conceals [or] withholds" such property, demonstrates that the statute as a whole is aimed at one other than the thief. The person who "buys" or "receives" property, "knowing the same to have been stolen", may not be one who actively participated in the larceny, and there is no reason to suppose that the companion provision aimed at a person who "conceals" or "withholds" goods, "knowing the same to have been stolen", was designed to describe or refer to a different class of criminals. Had the legislature intended to include thieves within the coverage of section 1308, language to express that thought was at hand; it could have provided, easily and clearly, that "a *thief or any other* person who conceals [or] withholds * * * any property, knowing the same to have been stolen," is guilty of a misdemeanor or a felony as the case may be.

Indeed, the explicit wording of section 1290 — that a person is guilty of larceny who "wrongfully takes, obtains *or withholds*" property from the possession of the owner — establishes that the act of concealing or withholding is but a continuation of the larceny itself. Every theft, every wrongful misappropriation, of necessity, contemplates and involves a permanent withholding from the owner. To conceal and withhold is the thief's purpose from the very moment that he gains possession of the property. That being so, the question arises, when does the thief's act of withholding change from "larceny" under section 1290 to "receiving" under section 1308? The answer, we suggest, is "never."

And section 1308-a of the Penal Law supplies further confirmation; that provides that, upon a prosecution for "buying, receiving, concealing or withholding stolen goods under the preceding section [§ 1308] one who has sold, offered, or delivered such goods   *   *   *   shall not be deemed an accomplice of the person charged with receiving them". Quite obviously, the legislature in enacting that statute envisaged the case where there were at least two parties — the thief " who has sold, offered, or delivered " the goods and the defendant who is charged with " concealing or withholding stolen goods under the preceding section ".

This court has, it is true, recognized a difference between " receiving " and " withholding " (see *People* v. *Marino,* 271 N. Y. 317; *People* v. *Spivak,* 237 N. Y. 460), but it has never held or even intimated that a thief may be adjudged guilty under section 1308. On the contrary, there is a definite suggestion in the *Marino* case (271 N. Y. 317, 318, *supra*) that section 1308 assumes the existence of a thief separate and apart from the violators of that section. Thus, Judge CRANE wrote: " Section 1308 of the Penal Law relates not only to the receiving of property, knowing it to be stolen, but also to the concealing and the withholding of any such property with like knowledge. Nowhere in this section is there a requirement that the thief must be specified, named or even known. *The fact that a party has property which he knows to have been stolen, or receives it knowing it to have been stolen, is a crime, although he may never know who is the thief or from whom the property was stolen. (People* v. *Wilson,* 151 N. Y. 403.)" (Italics ours.)

To hold that a thief may be convicted of violating section 1308 will lead not only to consequences that are harsh — by subjecting the thief to punishment both for larceny and for withholding or concealing — but to results that are anomalous. For instance, if a thief who steals $101 is convicted under section 1290, his imprisonment may not be for more than five years (Penal Law, §§ 1296, 1297), whereas if he is prosecuted and convicted under section 1308, he may be sent to prison for any term up to ten years (Penal Law, § 1308) — which is the punishment actually reserved for those who are convicted under section 1290 of stealing more than $500 (Penal Law,

§§ 1294, 1295). We avoid the unreasonable, the harsh and the anomalous when we construe section 1308 as a statute directed against persons who do not physically participate as thieves in the larceny. That done, the related statutes possess a symmetry well defined and sensible and engender results that are fair and reasonable.

A defendant may, of course, be indicted for both the crime of larceny and the crime of concealing and withholding and it is for the jury to determine whether he is guilty as a thief of the larceny *or* as a non-thief of concealing and withholding. In the case before us, the trial court erred in permitting the jury to convict the defendant of both. Since, however, defendant's guilt of the larceny is well-nigh overwhelming, no purpose would be served by requiring a new trial. It is sufficient that we reverse the conviction on the second count for withholding and concealing and dismiss that count.

The judgments should be modified to the extent of reversing the conviction for criminally concealing and withholding stolen property and of dismissing that count of the indictment and, as so modified, affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur.

Judgment accordingly. [See 301 N. Y. 744.]