J. Irwin Shapiro, J.
This is a motion by the defendant “ for an order in arrest of judgment against the defendant Arnold Lynn, pursuant to Section 467 of the Code of Criminal Procedure, and for such other and further relief as to the court may seem just and proper.”
The indictment in this case contained five counts. The first count charged assault in the second degree; the second count charged the carrying of a dangerous weapon, a knife as a felony; the third count charged the defendant with criminally buying and receiving stolen property as a felony; the fourth count charged the criminally concealing and withholding of said stolen property as a felony and the fifth count charged petit larceny. Counts two and three of the indictment were dismissed by me during the trial. The jury found the defendant not guilty on count one and guilty on counts four and five. The counts pertinent to the instant motion are therefore counts four and five of the indictment.
The fourth count of the indictment reads as follows:
“ The Grand Jury of the County of Queens, by this indictment, accuse the defendant of the crime of criminally concealing and withholding stolen and wrongfully acquired property, as a felony, committed as follows:
“ ‘ The defendant aforenamed, on or about and between March 15, 1962 and May 1, 1962, in the County of Queens, concealed and withheld and aided in concealing and withholding the following property, namely: A quantity of checks of the total value of more than $100.00, owned by Creedmoor State Hospital and which had been stolen, and wrongfully acquired, the said defendant then knowing the same to have been stolen and wrongfully acquired and intending to deprive the said owner thereof.’ ”
The fifth count of the indictment reads as follows:
“ The Grand Jury of the County of Queens, by this indictment, accuse the defendant of the crime of petit larceny committed as follows:
“ ‘ The defendant aforenamed, acting in concert with accomplices known to the Grand Jury, on or about and between March *463 17, 1962 and May 1, 1962, in the County of Queens, stole and took from the possession of Martin Lee Corporation the following property, of the value of $45.00, namely: United States currency in that amount, owned by Martin Lee Corporation, but then and there in the lawful care and custody of Jack Breslaw, with the intent to deprive the lawful custodian and the lawful owner thereof, and of the use and benefit thereof, and to appropriate the same to the use of the defendant and his said accomplices.’ ”
The defendant, in the affidavit of his attorney, says ‘ * Manifestly, the verdict must be set aside ” because u the defendant is found guilty of criminally concealing and withholding stolen property and with stealing the same property.” Even if this factual contention were correct and it is not, as I shall hereafter point out in this memorandum, the defendant would still not be entitled to an arrest of judgment. Section 467 of the Code of Criminal Procedure, pursuant to which this motion in arrest of judgment is made, reads: “ Motion in arrest of judgment, defined, and upon what defects founded. A motion in arrest of judgment is an application on the part, of the defendant, that no judgment be rendered on a plea or verdict of guilty, or on a verdict against the defendant upon the plea of a former conviction or acquittal. It may be founded on any of the defects in the indictment mentioned in section three hundred and thirty-one. ’ ’
The relevant portion of section 331 reads: “ When objections, forming ground of demurrer, may be taken at the trial, or in arrest of judgment. * * * the objection to the jurisdiction of the court over the subject of the indictment or that the facts stated do not constitute a crime, may be taken at the trial, under the plea of not guilty, and in arrest of judgment.”
Since there is no question about this court’s jurisdiction over the matters specified in the indictment or that the facts set forth in each count of the indictment constitute a crime, the motion in arrest of judgment may not be granted, for its utilization ‘ ‘ is confined to defects appearing on the face of the indictment” (People ex rel. Hummel v. Trial Term, 184 N. Y. 30, 35; People v. Jackson, 191 N. Y. 293; People v. Meakim, 133 N. Y. 214; People v. Thompson, 41 N. Y. 1).
In order, however, to reach the merits of defendant’s application, his motion, under the prayer for such other and further relief, will be treated as an application to set aside the verdict and for a new trial (People v. Wilson, 206 Misc. 880).
The code section dealing with motions for a new trial is section 465 and the only possible pertinent subdivision of that section is *464 subdivision 6 which for the purposes of our discussion would make the section read as follows:
‘ ‘ In what cases granted. The court in which a trial has been had upon an issue of fact has power to grant a new trial, when a verdict has been rendered against the defendant, by which his substantial rights have been prejudiced, upon his application in the following cases: * * *
“ 6. When the verdict is contrary to law or clearly against evidence.”
If the verdict of guilty on the fourth count of criminally concealing and withholding stolen property as a felony and the verdict of guilty on the fifth count of petit larceny dealt with the same property, one of the verdicts would be “ contrary to law ” and the defendant’s contention would be correct in part (People v. Daghita, 301 N. Y. 223; People v. Spivak, 237 N. Y. 460; People v. Kupperschmidt, 237 N. Y. 463; People v. Zimmer, 220 N. Y. 597; People v. Bigley, 178 Misc. 552).
In the Daghita case (supra) the court laid to rest any question about the fact that the thief could not also be charged with withholding the stolen property. Said the court (pp. 227-228):
“ To hold that a thief may be convicted of violating section 1308 will lead not only to consequences that are harsh — by subjecting the thief to punishment both for larceny and for withholding or concealing — but to results that are anomalous. For instance, if a thief who steals $101 is convicted under section 1290, his imprisonment may not be for more than five" years (Penal Law, §§ 1296, 1297), whereas if he is prosecuted and convicted under section 1308, he may be sent to prison for any term up to ten years (Penal Law, § 1308) —which is the punishment actually reserved for those who are convicted under section 1290 of stealing more than $500 (Penal Law, §§ 1294,1295). We avoid the unreasonable, the harsh and the anomalous when we construe section 1308 as a statute directed against persons who do not physically participate as thieves in the larceny. That done, the related statutes possess a symmetry well defined and sensible and engender results that are fair and reasonable.
“ A defendant may, of course, be indicted for both the crime of larceny and the crime of concealing and withholding and it is for the jury to determine whether he is guilty as a thief of the larceny or as a non-thief of concealing and withholding. In the ease before us, the trial court erred in permitting the jury to convict the defendant of both.”
Thus, the defendant’s contention would be correct if the subject matter of the withholding in the fourth count were the same *465 property which he is alleged to have stolen in the fifth count. They are not the same, however. The fourth count charges the defendant with withholding 1 ‘ a quantity of checks of the total value of more than $100.00, owned by Creedmoor State Hospital ”. The property which he is alleged to have stolen, as set forth in the fifth count, is “property of the value of $45.00, namely: United States currency in that amount, owned by Martin Lee Corporation ”.
It was after the defendant had concealed and withheld the checks mentioned and described in the fourth count of the indictment that he caused one of said checks to be cashed by the Martin Lee Corporation and thus stole from that corporation the amount of currency received when the check was cashed by it. Thus, the subject matter of the withholding and concealing, to wit, the batch of checks owned by Creedmoor State Hospital, was not the same property described in the fifth count of the indictment, to wit, money owned by the Martin Lee Corporation and turned over to the defendant, through his accomplice, upon the presentation of a check which was represented to be that of the presenter.
An analogy might be helpful in highlighting the point. Suppose the defendant in this case had knowingly concealed and withheld an automobile which had previously been stolen by another. He would at that juncture be guilty of criminally concealing and withholding stolen property. If he then took that automobile and sold it to X and received United States currency in payment therefor he would be guilty of larceny by false pretense in stealing that currency from X for having represented that he had the right to transfer and sell the automobile to X. That is precisely the situation here.
Under the circumstances there is no merit to the defendant’s contention and his motion treated as an application to set aside the verdicts ‘ ‘ as contrary to law ’ ’ must be denied.
Finally, it should be pointed out that even if there were any substance to the defendant’s contention, a setting aside of the verdict of guilty on the count of criminally concealing and withholding stolen property would not follow because under the proof in this case it is clear that that was the first crime committed by the defendant. Therefore, even if both counts of the indictment could be deemed to deal with the same property, since the defendant’s guilt on the concealing and withholding count is clear, the result would merely be a setting aside of the guilty verdict on the petit larceny count and would not in any way result in a disturbance of the guilty verdict on the concealing and withholding count.
*466 As the court pointed out in Daghita (sufra) where the court determined, as a matter of law, that the defendant had been improperly convicted both of the crime of concealing and withholding and of the larceny of the same property (301 N. Y. 223, 228): “In the case before us, the trial court erred in permitting the jury to convict the defendant of both. Since, however, defendant’s guilt of the larceny is well-nigh overwhelming, no purpose would be served by requiring a new trial. It is sufficient that we reverse the conviction on the second count for withholding and concealing and dismiss that count.”
For the reasons above set forth defendant’s motion is in all respects denied.