■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES PETER LA BEAUSE, Appellant, et al., Defendant.— SWEENEY, J. Appeal from a judgment of the County Court, Ulster County, rendered November 30, 1966, upon a verdict convicting defendant of the crime of grand larceny, first degree. Appellant maintains, among other things, that the verdict is defective because his guilt was not established beyond a reasonable doubt; that the verdict is against the weight of credible evidence; that since the court dismissed the count in the indictment charging appellant with receiving, concealing and withholding stolen property, any possibility of his having participated in the larceny was eliminated; that the evidence was entirely circumstantial, and, therefore, insufficient; and finally, that the prosecution made prejudicial remarks in the summation which require reversal. The fact that the verdict was based entirely on circumstantial evidence does not render it defective. (*People* v. *Leyra*, 1 N Y 2d 199, 206; *People* v. *Harris*, 306 N. Y. 345, 351; *People* v. *Taddio*, 292 N. Y. 488.) In such a case, however, the facts from which the inferences are to be drawn must be established by direct proof. (*People* v. *Weiss*, 290 N. Y. 160, 163; *People* v. *Blake*, 5 N Y 2d 118, 119.) The record reveals that the codefendant Eastment went to New York City and hired the U-haul truck used in committing the larceny; that appellant was employed at the Kingston shirt factory from which the shirts were stolen, but that the codefendant was not; that appellant worked at the factory that evening until about 8:00 P.M.; that at about 7:30 P.M. he had left a door unlocked, although he told his superior that he had locked it; that all employees of the factory, including appellant, had been instructed not to use this door, and a sign had been posted to such effect on the door. The jury could infer from this fact that appellant intended to leave a door open for the purpose of making access to the building easier. Especially is this so since there was no proof in the record of any forcible entry into the building. Further, the U-haul truck was seen that evening parked at the shipping dock outside the building about 9:00 P.M. Appellant was found, along with the codefendant, in the U-haul truck with the stolen shirts when it was stopped by police about 11:00 P.M. that night. Although appellant took the stand, he offered no explanation as to why he was in the truck with the stolen goods. Under all of these circumstances the jury could reasonably and logically infer that appellant was guilty. There is nothing inconsistent with the court's dismissal of the count charging appellant with receiving stolen goods. (See *People* v. *Daghita*, 301 N. Y. 223, mot. for rearg. den. 301 N. Y. 744.) Since appellant took the stand, the District Attorney was justified in his summation in referring to the prior conviction which was testified to by appellant on direct examination. His remarks, when read in context and in the light of the entire record, were not so prejudicial as to mandate a new trial. (*People* v. *Feldt*, 26 A D 2d 743, affd. 22 N Y 2d 839.) Judgment affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Sweeney, JJ., concur in memorandum by Sweeney, J.