Albert H. Buschmann, J.
Defendant, who is charged with criminal possession of stolen property in the second degree, moves for dismissal of the indictment pursuant to CPL 210.20.
*748 Defendant was charged in Nassau County under Indictment No. 3754/73 with six counts involving robbery, grand larceny and burglary. On January 30, 1974, defendant was convicted by a plea of guilty to robbery in the first degree and ultimately sentenced to five years’ imprisonment. The crime with which defendant is now charged involves (as the People concede) the fruits of the crime to which he pleaded guilty.
In support of his motion defendant urges dismissal on the ground of double jeopardy under subdivision 2 of section 165.60 of the Penal Law. This section provides, inter alia: “ In any prosecution for criminal possession of stolen property, it is no defense that: * * * (2) The defendant stole or participated in the larceny of the property; provided that a person may not be convicted of both larceny and criminal possession of stolen property with respect to the same property ”.
While the genesis of this section does not appear to be grounded in double or former jeopardy, there is, however,, still posed a question as to the applicability of this section to the present situation. Subdivision (a) of section 1308 of the former Penal Law defined criminal possession of stolen property in terms of receiving, concealing and withholding, and one guilty of larceny generally could not also be convicted of criminal possession. (People v. Daghita, 301 N. Y. 223.) This court-imposed rule was based on the conclusions that the statutory crime of possession was directed solely against the receiver of stolen goods (id., p. 226), and to hold a thief guilty of both larceny and possession of the same loot would be unjust and anomalous (id., p. 227). This holding presented the prosecution with a dilemma in deciding what charges may be brought against one who is in possession of stolen goods but who may plead theft of the same goods as a defense. (See Practice Comméntary of Eichard G-. Denzer and Peter McQuillan, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 165.60.)
Section 165.45 of the revised Penal Law, eliminates the apparent inconsistency by defining the crime simply in terms of “ possession ”, clearly evincing an intent that one knowingly in possession of stolen property may be guilty of criminal possession whether or not he committed the basic larceny. In harmony with this revised definition and case law (People v. Daghita, supra), section 165.60 of the Penal Law negates theft or larceny of the property by the defendant as a defense and prohibits conviction for both larceny and criminal possession.
The crime of robbery in the Penal Law is defined in terms of larceny: “ a person forcibly steals property and commits rob *749 bery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person ”. (Penal Law, § 160.00; emphasis added.)
Robbery is essentially a larceny accompanied by use of physical force. It is submitted the Daghita (301 N. Y. 223, supra) rationale is equally applicable to the crime of robbery as it is to larceny per se. By definition (supra) robbery necessarily encompasses larceny and certainly the addition of an element, Le., physical force, to the larcenous taking, does not so alter the facts as to avoid the injustice worked by convicting defendant of both the crime of robbery and criminal possession of the stolen goods. In Heflin v. United States (358 U. S. 415), the court indicated that absent an express contrary indication, a defendant charged under bank robbery statute (U. S. Code, tit. 18, § 2113) may not be convicted for stealing and receiving the same goods. To hold the Penal Law (§ 165.60, subd. 2) speaks in terms of larceny, exclusive of robbery and a former conviction of robbery is without its purview, would be harsh, unreasonable and anomalous. To avoid such result and to harmonize with case law, this court construes the statute as using the term larceny in a generic sense, as defined in section 155.05 of the Penal Law, thereby precluding conviction for criminal possession whenever the defendant has been convicted of a crime incorporating the causative larceny as an essential element. Defendant cannot, therefore, be convicted of criminal possession of the same property as obtained through a robbery for which he has been convicted.
In view of the law and facts of this case, the indictment charging defendant with criminal possession of stolen goods is dismissed. The branch of defendant’s motion seeking dismissal in the interests of justice is moot and the hearing otherwise necessary to such motion (OPL 210.45) is not required.