Joseph Jaspan, J.
The defendants are charged in a single count indictment with the crime of criminal possession of stolen property in the first degree (Penal Law, § 165.50), a class D felony.
The indictment alleges in substance that between April 1, 1974 and September 30, 1974, the defendants, each aiding the other, and being actually present, knowingly possessed stolen property consisting of pipes and tubing having a value of more than $1,500.
The People have established beyond a reasonable doubt that one Jose Bernard unlawfully removed substantial quantities of copper from the plant of his employer, Triangle Tubing and Pipe Co., in Brooklyn and that in 22 separate transactions between April 1, 1974 and September 30, 1974, he sold at least 29,839 pounds of this material to Arma Scrap Metal Company, Inc. for $19,446.05. Eighteen of the transactions, including the initial sales, were negotiated by the defendant Ochman, and the remaining four by the defendant Whiter.
The defendants are two of the three officers, directors and stockholders of Arma. Their potential criminal liability as individuals derives from section 20.25 of the Penal Law.
Each sale was represented by a sales slip reflecting the *48 material, quantity, the negotiated unit price, and total amount involved; and in each case, but one, was signed at the bottom by the purported seller, Bernard. On three of these slips Bernard’s correct address was added, reflecting the fact that after timely inquiry the seller at the outset and thereafter correctly identified himself as to both name and address. Verification of Bernard’s identity was demanded and obtained by examination of a photo-bearing chauffeur’s license.
There was nothing secretive about the transactions, all of which were concluded at fair market prices during business hours in open view and accurately recorded. The property involved had markings as to its manufacturing source, "Triangle”, and there was no attempt at obliteration.
The transactions were classified as "door trade”, a regular feature of defendants’ scrap metal business accounting for $250,000 in annual sales out of a total of almost $2,000,000 in total sales per year.
No claim is made by the People that the defendants were advised by Mr. Bernard or by anyone else that the tubing involved was stolen.
The sales by Bernard to Arma came to light when Arma sold and shipped the tubing as class 1 copper scrap to Triangle Pipe of New Brunswick, the parent of the Triangle Company in Brooklyn. The goods were sold through a metals broker, but were twice shipped directly by Arma to the Triangle Company in New Jersey in accordance with a bill of lading prepared by Arma. Physical inspection of the identifiable merchandise at the New Brunswick plant alerted its officials to the probable source of the tubing, and a police investigation, in which the defendants fully co-operated, revealed the foregoing facts and resulted in this indictment and the separate pending indictment of Bernard for grand larceny and possession of a dangerous weapon. The conscious shipment of this tubing to a Triangle Company again reflects lack of a culpable mental state.
While the evidence, or more accurately the lack of evidence, leads to the conclusion that the People have failed to prove beyond a reasonable doubt defendants’ knowledge that they were in possession of stolen property, the matter is not so easily disposed of.
The People urge that the missing element of knowing possession of stolen property is supplied by subdivision 2 of *49 section 165.55 of the Penal Law, which establishes a presumption of knowledge in a dealer of the goods involved.
The subdivision reads as follows: "A person in the business of buying, selling or otherwise dealing in property who possesses stolen property is presumed to know that such property was stolen if he obtained it without having ascertained by reasonable inquiry that the person from whom he obtained it had a legal right to possess it.”
It is argued that although the defendants ascertained accurate information as to the seller and may have engaged in arm’s length transactions with Bernard, they did not make real inquiry as to the source of the material, and therefore the presumption operates against them.
The defendants, on the other hand, urge that as a matter of custom their "door trade” suppliers will not reveal the source of their scrap so as to avoid competition from the scrap metal dealer who also does a substantial volume of business with similar available outside sources, and that therefore they do not ordinarily make such an inquiry. The defendants further argue that as a matter of law they are being charged with a presumption that shifts the burden of proof to them in violation of the constitutional rights as recently enunciated (June 9, 1975) by the Supreme Court of the United States in Mullaney v Wilbur (421 US 684).
Mullaney held, in effect, that legislation which shifts the "burden of persuasion” to the defendant as to a material element of the crime charged is violative of the due process clause. It particularly held that (p 702): "Although intent is typically considered a fact peculiarly within the knowledge of the defendant this does not, as the court has long recognized, justify shifting the burden to him.”
Mullaney distinguishes its decision from those cases where a statute authorizes the inference of one fact from proof of another (Leary v United States, 395 US 6; Turner v United States, 396 US 398), and even in those cases, the court has held that the inference must be subject to scrutiny by the courts to prevent conviction upon insufficient proof. Such statutes must be invalidated unless it "can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.”
The District Attorney acknowledges with welcome candor that the presumption in subdivision 2 of section 165.55 of the *50 Penál Law must be read as an inference or as a rebuttable presumption of fact rather than as a presumption of law. Accordingly then, any proof which rebuts the presumption is sufficient to establish the defendants’ innocence.
This position is consistent with the rulings in People v Moro (23 NY2d 496) and Barnes v United States (412 US 837), in which the courts held that where the person is in possession of recently stolen property, if not satisfactorily explained, it may be inferred that the person in possession knew the property to be stolen, and that inference may be rebutted by explanation or by the circumstances of the case without necessarily requiring the testimony of the defendant in the case.
A literal reading of subdivision 2 of section 165.55 of the Penal Law would demand proof by the defendants of reasonable inquiry as to the seller’s legal right to possess the property as the only defense to its presumption. This would necessarily exclude recourse to other evidence on the issue of knowledge to meet the presumption. Such an interpretation would run afoul of Mullaney.
In People v Kirkpatrick (32 NY2d 17, 25), the court sustained a statutory presumption of a book seller’s knowledge of the contents of obscene books based on probabilities, but added: "One must look to the ease with which a presumption may be rebutted. If it is easy for the defendant to rebut, then the presumption is a tolerable burden * * * Of course, the corollary principle, favoring the defendant, is that a plausible rebuttal may very well place the burden of going forward again on the prosecution if it is to sustain its over-all burden of persuasion which is to establish guilt beyond a reasonable doubt”.
The reluctance of the courts to invest presumptions with the binding force of law is evident in Kirkpatrick (supra, p 25), where the court noted that a distinction should be drawn between its use in the prosecution of a minor crime as opposed . to its use in a case punishable by long imprisonment.
The trend in the New York and United States decisions is to limit the use and effectiveness of available presumptions so as to avoid a shifting of the burden of proof to a defendant unless the presumption is reasonably related to experience and unless it may be readily controverted.
For the foregoing reasons, I hold that the language of subdivision 2 of section 165.55 of the Penal Law may only be *51 construed as establishing a presumption of fact which may be rebutted by any proof which negates the inference of knowledge, and that the language of the statute may not be used to circumscribe the value or nature of other proof on that subject. Any stricter interpretation would render the section infirm when measured by constitutional standards.
The defendants have explained their possession of the tubing. They purchased it from a known buyer at a fair market price. I find that they lacked knowledge that the property was stolen and that they have overcome the statutory presumption of fact.
In the absence of the presumption as set forth in subdivision 2 of section 165.55 of the Penal Law, the People have not proved their case against the defendants beyond a reasonable doubt.
Since this opinion finds for the defendants upon a limiting construction of the statutory presumption, I direct the entry of trial orders of dismissal of the indictment as against each of the defendants so as to permit the People to appeal if they be so advised and if such an appeal is legally possible.
The indictment is dismissed as against each of the defendants, Harold Walter and Nathan Ochman.