■ In the Matter of GERARD D., Appellant.—In a proceeding pursuant to article 7 of the Family Court Act, the appeal is from an order of the Family Court, Queens County, dated January 19, 1977, which, upon a finding that appellant had committed acts which, if done by an adult, would have constituted the crime of criminal possession of stolen property, adjudicated him a juvenile delinquent and remanded him to the custody of the Division for Youth. Order reversed, on the facts, and petition dismissed. The guilt of the appellant was not established beyond a reasonable doubt. Appellant, a 14-year-old boy, was found by an investigating officer with another youth in possession of a metallic tool box in an enclosed wooded lot behind a factory. The lot was surrounded by a fence and railroad tracks. The officer subsequently found that the adjacent factory was burglarized. At the hearing petitioner proved that the factory was locked up on Friday, June 4, 1976 at 5:30 P.M. The burglary could have taken place at any time between 5:30 P.M. Friday and 8:30 P.M. Sunday, when the boys were arrested. In addition, although two saws and one drill were allegedly taken, along with a metal tool box, the boys had only a virtually empty tool box in their possession when they were found. They did not attempt to flee or drop the box when the officer approached, but in fact continued walking toward him. Furthermore, we note that land surrounding railroad tracks often provides an attractive playground for young children. Thus, while the inference of criminality flowing from possession of the stolen box in proximity to the burglarized premises is plausible (see *People v Moro,* 23 NY2d 496), the facts of this case are not inconsistent with all reasonable alternative explanations (see *People v Fitzgerald,* 156 NY 253, 258). The burglary could have taken place earlier on the weekend and the metal chest could have been discarded by the thieves after they took more valuable tools. The innocent behavior of the two boys on discovery also tends to detract from the inference of guilt. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.