■ The People of the State of New York, Appellant, v Murray Roth, Respondent.—Appeal by the People from so much of an order of the County Court, Suffolk County (Rohl, J.), dated June 3, 1985, as granted that branch of the defendant's omnibus motion which was to dismiss count one of an indictment charging the defendant with unlawful disposal of hazardous waste in the first degree.

Order reversed insofar as appealed from, on the law, that branch of the defendant's omnibus motion which was to dismiss count one of the indictment denied, count one of the indictment reinstated, and matter remitted to the County Court, Suffolk County, for further proceedings.

In charging the defendant under count one of the indictment with unlawful disposal of hazardous waste in the first

degree *(see,* ECL 27-0914 [2]; 71-2713 [7]), the People aggregated various disposals occurring between February 1, 1984, and December 31, 1984, at Hangar 17, Suffolk County Airport, Westhampton Beach, New York. The County Court dismissed that count of the indictment as duplicitous, stating, in pertinent part:

"[T]he statute in question permits the prosecution of a single disposal in excess of 1500 gallons, *or * * * an aggregated disposal in excess of 1500 gallons where the aggregation results from the wastage related to various stages of a single job or the wastage from several jobs all occurring at the same place and time * * ***

"Applying this test to the facts in the instant case, it is clear that the District Attorney has overstepped his limits with regard to the first count which aggregates separate allegedly illegal disposals unrelated by job, place or time" (emphasis added).

We hold that the County Court erred in dismissing count one of the indictment inasmuch as the People may properly aggregate the various disposals of hazardous waste which the defendant allegedly made between February and December 1984 into the single crime of unlawful disposal of hazardous waste in the first degree. In an analogous situation, it has been held, *inter alia,* that "the People may prosecute for a single crime a defendant who, pursuant to a single intent and one general fraudulent plan, steals in the aggregate as a felon and not as a petty thief" *(see, People v Cox,* 286 NY 137, 145, *rearg denied* 286 NY 706; *see also, People v Rossi,* 5 NY2d 396, 400; *People v Daghita,* 276 App Div 20, *mod on other grounds* 301 NY 223; *rearg denied* 301 US 744; *People v Piro,* 106 AD2d 667; *People v Perlstein,* 97 AD2d 482). Similarly, the People may prosecute for a single crime, a defendant who, pursuant to a single common intent and one general illegal plan, disposes in the aggregate without authorization more than a felony amount of hazardous waste.

An analysis of the facts of the instant case reveals that aggregation of the various disposals into the single crime of unlawful disposal of hazardous waste in the first degree was proper. Initially, it must be noted that all the alleged disposals occurred at the same location. Also, the "victim", if there need be one under the statute *(see,* ECL 71-2713 [7]), is the same for all the disposals—the People of the State of New York *(see,* ECL 1-010 [1]; L 1978, ch 639, § 2). In finding that aggregation was only proper to the extent that it resulted from "the wastage related to various stages of a single job or the was-

tage from several jobs all occurring at the same place and time", the County Court erroneously deemed the defendant's customer as the victim rather than the People of the State. Further, the structure of the penalty provisions of the Environmental Conservation Law indicates that the Legislature did not intend to limit prosecutions of violations of ECL 71-2713, to instances where it can be shown that the disposal took place all at once, or on one day *(cf.* ECL 71-1933 [1]; 71-2105 [1]; 71-2303 [2]; 71-2503 [2]; 71-2703 [2]; 71-2721 [2]). Whether or not the various disposals were part of a common intent and one general illegal plan is thus a question for the jury *(see, People v Rossi, supra; People v Daghita, supra).* The evidence presented to the Grand Jury was sufficient to make out a prima facie case with respect to count one of the indictment, and, therefore, that count is reinstated. Mangano, J. P., Gibbons, Brown and Kooper, JJ., concur.