■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD STANLEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered July 10, 1987, convicting him of criminal trespass in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed.

Defendant was indicted for burglary in the second degree and grand larceny in the third degree as the result of an incident alleged to have taken place on May 6, 1986. At trial, however, the People offered evidence that the defendant entered the complainant's apartment twice, the second entry being only minutes after the first. In charging the jury, the court submitted burglary in the second degree and the lesser included offense of criminal trespass in the second degree as well as petit larceny. In doing so the court indicated that defendant could be convicted on the basis of either or both entries. The jury found the defendant guilty of criminal trespass in the second degree.

It is well settled that if a count in an indictment charges more that one offense it is void as it is duplicitous and has failed to give the accused "fair notice" of the charges against him (see, People v Davis, 72 NY2d 32, 38). The danger presented by a duplicitous count is that " 'individual jurors might vote to convict a defendant of that count on the basis of

different offenses' " *(People v Davis, supra,* at 38, quoting *People v Kendl,* 68 NY2d 410, 418) and a conviction could result for that count even if the jurors were not unanimous regarding each offense under that count *(see, People v Davis, supra).* While it is true that the separate and related acts of burglary, a specific intent crime, can be prosecuted as one count, it must be demonstrated that all acts were committed pursuant to a single intent and common scheme *(see, People v Buckley,* 75 NY2d 843, 846; *People v Cox,* 286 NY 137; *People v Roth,* 121 AD2d 576, 577; *People v Daghita,* 276 App Div 20, 22, *mod* 301 NY 223; *see also, People v Okafore,* 72 NY2d 81), which is a question of fact for the jury and must be submitted as such so the jury may properly evaluate the facts and reach a unanimous verdict *(see, People v Daghita, supra,* at 23).

The court's charge misstated the law by permitting the jury to convict based on the first entry or the second but not on both. As a result it is impossible to determine whether the jury convicted the defendant on the basis of the first or second entry, or if they unanimously agreed on either. Accordingly, the judgment appealed from must be reversed. Since double jeopardy prevents "appellate review of factual determinations which have been resolved in the accused's favor by the original trier of facts" *(Matter of Tony M.,* 44 NY2d 899, 900), the defendant may not be retried for burglary. The People have conceded that reversal and dismissal of the indictment are necessary and have not requested leave to represent the lesser charge of criminal trespass in the second degree to a new Grand Jury *(see, People v Beslanovics,* 57 NY2d 726).

In light of our determination, we need not reach the remaining issues. Kooper, J. P., Harwood, Rosenblatt and Ritter, JJ., concur.