■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN BILBATUA, Appellant. [617 NYS2d 162] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 23, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously affirmed.

The trial court properly denied defendant's motion to suppress the contents of a paper bag clutched between defendant's legs which was seized at the time the arrest was made and before the police had an opportunity to handcuff defendant (compare, People v Gokey, 60 NY2d 309, with People v Smith, 59 NY2d 454).

Defendant's claim that count two of his indictment was duplicitous is unpreserved for appellate review since defendant never raised the issue at trial (see, People v Narayan, 54 NY2d 106, 114). Nor is reversal warranted in the interest of justice where the defendant, although possessing several crack vials in a bag, and one vial in his mouth, received the proper jury charge clearly demonstrating that only one count of possession was charged, not two, and that to convict, defendant had to possess both items (compare, People v Stanley, 173 AD2d 658).

While the trial court's response to the jury's request for the reading of the police officer's entire testimony taken one day prior should have been framed differently, nonetheless, the court instructed the jury that it could have anything it wanted (see, People v Malloy, 55 NY2d 296, 302, cert denied 459 US 847).

The People improperly elicited testimony, which they used on summation, on an uncharged crime (see, People v Alvino, 71 NY2d 233, 242). However, this claim is unpreserved for appellate review since the defendant failed to object at trial (see, People v Russell, 71 NY2d 1016). Were we to review this claim in the interest of justice, reversal would not be war-

ranted considering the overwhelming proof of defendant's guilt based upon the direct sale to an undercover police officer *(see, People v Crimmins,* 36 NY2d 230). Similarly, the court corrected any error on the People's summation by properly charging the jury.

We have considered defendant's remaining contentions and find them without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.