■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN RETTI, True Name JOHN RETTIG, Appellant. [638 NYS2d 452] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered February 16, 1993, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 10 years to life, unanimously affirmed.

Defendant's claim that the indictment was duplicitous is not merely unpreserved, but was waived by his trial strategy. First, he succeeded in persuading the court to instruct the jury in a manner that would heighten the People's difficulty in proving their case. Although the subject count against defendant could have been construed, under the fact pattern, as permitting the conclusion that defendant committed burglary either upon entering the building or, alternatively, the complainant's apartment, the court expressly limited the jury to consideration of only one of these two possible theories, namely, the entry

into the building. The conviction upon a count of an indict-ment that is originally duplicitous does not mandate reversal if the deficiency is ultimately cured (*see, People v Bilbatua*, 208 AD2d 404, *lv denied* 84 NY2d 1029). Nor did the court's supplemental instruction negate the original charge, where it complied with the jury's specific request to repeat the legal definition of the term dwelling that the court had previously delivered. The court certainly did not imply that "dwelling" did not encompass the lobby of the building. Furthermore, defendant strongly objected to having the jury brought back for clarification of any possible confusion that might have arisen about the entry into the building as opposed to the entry into the apartment, and thereby waived this issue for purposes of appeal. We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Ross, Tom and Mazzarelli, JJ.