People v Moalawi (2021 NY Slip Op 03916)





People v Moalawi


2021 NY Slip Op 03916


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Manzanet-Daniels, J.P., Kapnick, González, Shulman, JJ. 


Ind No. 5652/14 Appeal No. 14096 Case No. 2018-2675 

[*1]The People of the State of New York, Respondent,
v
Ali Moalawi, Defendant-Appellant.


Ali Moalawi, appellant pro se.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Stephen Kress of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at motion to suppress cell site information; Michael J. Obus, J. at suppression hearing; Ruth Pickholz, J. at jury trial and sentencing), rendered February 5, 2018, convicting defendant of burglary in the second and third degrees, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.
The verdict was based on legally sufficient evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence, including surveillance videos and defendant's statements to the police, supported the inference that defendant knowingly and intentionally aided his codefendant in committing the two burglaries of which defendant was convicted, by acting as a getaway driver (see People v Jackson, 44 NY2d 935, 937 [1978]). The evidence had no other reasonable explanation except that defendant intended to commit burglary by aiding the codefendant (see generally Penal Law § 20.00), and the People were not required to prove that defendant knew what locations the codefendant was targeting. With respect to the second-degree burglary conviction, the evidence demonstrated that the burglarized premises "had the customary indicia of a residence and its character or attributes" (People v Quattlebaum, 91 NY2d 744, 748 [1998]), thereby qualifying as a dwelling, regardless of the fact that the owner only used the apartment several times a year.
Although defendant now claims that the trial court erred in submitting to the jury five additional burglary counts of which defendant was acquitted, defense counsel agreed that the court would follow the procedure set forth in CPL 290.10(1)(b) of reserving decision on the dismissal motion until after the verdict. In any event, even assuming that the court should have dismissed those counts on legal insufficiency grounds, there was no reasonable possibility that the jury's guilty verdict on the remaining counts was influenced in a meaningful way by its consideration of the allegedly insufficient counts (see People v Allen, 32 NY3d 611, 620 [2018]).
The court properly denied defendant's motion to suppress historical cell site location information for calls made over his cell phone. The People obtained these records by court order under 18 USC § 2703(d), and because the court made a finding of probable cause, the order was effectively a warrant (see People v Sorrentino, 93 AD3d 450, 451 [1st Dept 2012], lv denied 19 NY3d 977 [2012]), satisfying the requirements of Carpenter v United States (585 US &mdash, 138 S Ct 2206 [2018]).
The court properly denied defendant's motion to suppress his statements as fruits of an alleged violation of Payton v New York (445 US 573 [1980]). There is no basis for disturbing the court's credibility determinations. The hearing record supports the conclusion that defendant voluntarily left his home and accompanied the police to the stationhouse. Even assuming a Payton violation, there was sufficient attenuation so that defendant's [*2]statements at the stationhouse were not tainted.
Defendant did not preserve his challenge to the court's response to a jury note, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, because defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
We have considered defendant's remaining claims, including those in his pro se brief, and find them to be unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021