People v Alleyne (2025 NY Slip Op 00295)

People v Alleyne

2025 NY Slip Op 00295

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Ind. No. 96/21 Appeal No. 3524 Case No. 2022-05317 

[*1]The People of the State of New York, Respondent,
v
Taquan Alleyne, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Molly Booth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Robert Butlien of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered November 18, 2022, convicting defendant, after a jury trial, of one count of assault in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate prison term of 18 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, _ NY3d _ , 2024 NY Slip Op 05244 [2024]). There is no basis to disturb the jury's credibility determinations. The evidence supported the conclusion that defendant drove the shooter to the scene, then drove only a short distance away and waited for less than two minutes while the shooting took place, then acted as a getaway driver after the shooter fired into the crowd, sharing the shooter's intent and jointly possessing the weapon (see e.g. People v Moalawi, 195 AD3d 523, 523 [1st Dept 2021], lv denied 37 NY3d 994 [2021]; Matter of Tatiana N., 73 AD3d 186, 190-191 [1st Dept 2010]; People v Velasquez, 44 AD3d 412, 412 [1st Dept 2007], lv denied 9 NY3d 1040 [2008]).
The court providently exercised its discretion in denying defendant's motion to sever (see People v Mahboubian, 74 NY2d 174, 184 [1989]; see also People v Cardwell, 78 NY2d 996, 998 [1991]). The court correctly determined that the codefendants' proposed defenses were not irreconcilable.
Defendant's challenges to some of the prosecutor's comments on summation are unpreserved (see People v Romero, 7 NY3d 911, 912 [2006]), and we decline to consider them in the interest of justice. As an alternative holding, we find no basis for reversal (People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis to reduce defendant's sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025