People v Qatabi (2026 NY Slip Op 00987)

People v Qatabi

2026 NY Slip Op 00987

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Ind No. 04477/18|Appeal No. 5870|Case No. 2022-03528|

[*1]The People of the State of New York, Respondent,
vMohamed Qatabi, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Sarah E. Siegel of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered August 2, 2022, as amended February 23, 2023, convicting defendant, after a jury trial, of rape in the first degree, burglary in the second degree as a sexually motivated felony, and sexual abuse in the first degree, and sentencing him to an aggregate term of 20 years, unanimously affirmed.
Defendant validly waived his right to be present during voir dire sidebars (see People v Antommarchi, 80 NY2d 247, 250 [1992]). Counsel confirmed after the court's first juror sidebar conference that defendant did not wish to participate in voir dire sidebar conferences (see People v Wilkins, 37 NY3d 371, 377-778 [2021]), and both counsel and defendant reaffirmed that defendant did not wish to participate after the court's second juror sidebar conference (see People v Montada, 249 AD2d 72, 72 [1st Dept 1998], lv denied 92 NY2d 856 [1998]). The court did not deprive defendant of his right to counsel by explaining that he could not talk to anyone if he did join the sidebars (see People v Saverino, 270 AD2d 146, 146 [1st Dept 2000], lv denied 95 NY2d 857 [2000]).
The People presented legally sufficient evidence of the first-degree rape and first-degree sexual abuse counts (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Moreover, those convictions were not against the weight of the evidence (see Danielson, 9 NY3d at 348; see also People v Baque, 43 NY3d 26 [2024]). The victim testified that she was in a state of sleep when defendant raped her. Even if the victim was semi-conscious, the evidence was sufficient to establish that she was physically helpless (see Penal Law § 130.00[7]; People v Fay, 170 AD3d 404, 404-405 [1st Dept 2019], lv denied 34 NY3d 930 [2019]).
Defendant's claim that counsel was ineffective is "unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record," and defendant did not raise his claim in a CPL 440.10 motion (People v Khan, 237 AD3d 585, 587 [1st Dept 2025], lv denied 44 NY3d 1028 [2025]). In any event, counsel was not ineffective for failing to request that the court respond to a jury note about the definition of "incapable of consent" by specifying that the definition was limited to third-degree rape to prevent the jury from finding defendant guilty of first-degree rape without finding that the victim was physically helpless. The court's supplemental instruction provided "appropriate guidance," and therefore, defendant's ineffective assistance claim fails (People v Lindsay, 68 AD3d 549, 549 [1st Dept 2009], lv denied 14 NY3d 802 [2010]). Defendant fails to show that any "single error" was "sufficiently egregious and prejudicial as to compromise . . . defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]).
The court did not commit a mode of proceedings error under People v O'Rama (78 NY2d 270 [1991]). The court read the jury's note verbatim, and thus counsel had "all the knowledge required to make an objection . . . to the court's response" (People v Mack, 27 NY3d 534, 542 [2016]). The court also did not prevent counsel from responding to the jury note (cf. People v Cook, 85 NY2d 928, 930-931 [1995]).
Defendant failed to object to any alleged variance between the indictment and the trial proof and therefore failed to preserve his claim that his burglary conviction unlawfully varied from the indictment (see People v Jackson, 192 AD3d 486, 487 [1st Dept 2021], lv denied 37 NY3d 957 [2021]). Defendant's legal insufficiency challenge to that conviction and his challenge to the court's response to the jury note asking whether "dwelling" referred to the victim's apartment or the apartment building are also unpreserved (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Moalawi, 195 AD3d 523, 524 [1st Dept 2021], lv denied 37 NY3d 994 [2021]), and we do not reach them in the interest of justice. In any event, defendant's contention that the court's response to the note differed from what the court told the parties is based on a misapprehension of the record. Additionally, the People did not impermissibly vary from the indictment. The People's theory in the grand jury and at trial was that defendant trespassed by entering the victim's apartment, not by entering the apartment building, and the defense proceeded under the same theory. Accordingly, "defendant was not deprived of fair notice of what the People would attempt to prove" (People v Grega, 72 NY2d 489, 496 [1988]). Counsel was not ineffective for failing to object to the alleged variance because that argument had "little or no chance at success" (Caban, 5 NY3d at 152). For the same reasons, the burglary conviction was supported by legally sufficient evidence and was not against the weight of the evidence (see Danielson, 9 NY3d at 348; see also Baque, 43 NY3d 26).
The indictment was not duplicitous. The court clarified that for the purposes of the burglary charge, the dwelling was the apartment, and the court did not submit alternative theories to the jury (cf. People v Retti, 224 AD2d 333, 333-334 [1st Dept 1996], lv denied 88 NY2d 940 [1996]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026